**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
BING ZHEN ZHENG,                                                    **Case No:18-cv-00253**
SHA LIN,
JI ZHOU, and
WEIJIE WEN
*on behalf of themselves and others similarly situated*
                                            Plaintiffs,


        -against-


PANARIUM KISSENA INC.
        d/b/a Fay Da Bakery
PANARIUM KISSENA INC.
        d/b/a Fay Da Bakery;
PANARIUM INC.
        d/b/a Fay Da Bakery;
BOULANGERIE DE FAY DA INC.
        d/b/a Fay Da Bakery;
PATISSERIE DE FAY DA, LLC
        d/b/a Fay Da Bakery;


*(Full list of Defendants continued on following pages)*


                                            Defendants.
------------------------------------------------------------X


# 29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION


TROY LAW, PLLC
*Attorneys for the Plaintiffs, and proposed Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

*(Full list of Defendants continued from previous pages)*

LE PETIT PAIN INC.
     d/b/a Fay Da Bakery;
BRAVURA SKY VIEW CORP.
     d/b/a Fay Da Bakery;
LA PAN MIETTE INC.
     d/b/a Fay Da Bakery;
FAY DA (QUEENS) CORP.
     d/b/a Fay Da Bakery;
FAY DA MOTT ST., INC.
     d/b/a Fay Da Bakery;
FEI DAR, INC.
     d/b/a Fay Da Bakery;
LE PAIN SUR LE MONDE INC.
     d/b/a Fay Da Bakery;
BRAVURA LLC
     d/b/a Fay Da Bakery;
CHI WAI CORP.
     d/b/a Fay Da Bakery;
PHADARIAN CORP.
     d/b/a Fay Da Bakery;
FAY DA MAIN STREET CORP.
     d/b/a Fay Da Bakery;
TORTA DI FAY DA INC.
     d/b/a Fay Da Bakery;
BRAVURA PATISSERIE (BELL BLVD) CORP
     d/b/a Fay Da Bakery;
NICPAT CAFÉ INC.
     d/b/a Fay Da Bakery;
FAY DA ON BROADWAY LLC
     d/b/a Fay Da Bakery;
FAY DA ROOSEVELT GEN 2 CORP
     d/b/a Fay Da Bakery;
FAY DA MANUFACTURING CORP.;
FAY DA HOLDING CORP.
     d/b/a Fay Da Bakery;
FAY DA HOLDING GEN 2 CORP.
     d/b/a Fay Da Bakery; and
HAN CHIEH CHOU,
KELLEN CHOW, and
CHI CHI CHOU,
JAMES C. CHOU,
KATIE PETERSON CHOU,
LIN GE MA CHOU,

                     Defendants.

------------------------------------------------------------X

BING ZHEN ZHENG, SHA LIN, JI ZHOU, QIAN HONG LIAO, and WEIJIE WEN ("Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through the undersigned attorneys, Troy Law, PLLC, file this complaint against Defendants PANARIUM KISSENA INC. d/b/a Fay Da Bakery; PANARIUM INC. d/b/a Fay Da Bakery; BOULANGERIE DE FAY DA INC. d/b/a Fay Da Bakery; PATISSERIE DE FAY DA, LLC d/b/a Fay Da Bakery; LE PETIT PAIN INC. d/b/a Fay Da Bakery; BRAVURA SKY VIEW CORP. d/b/a Fay Da Bakery; LA PAN MIETTE INC. d/b/a Fay Da Bakery; FAY DA (QUEENS) CORP. d/b/a Fay Da Bakery; FAY DA MOTT ST., INC. d/b/a Fay Da Bakery; FEI DAR, INC. d/b/a Fay Da Bakery; LE PAIN SUR LE MONDE INC. d/b/a Fay Da Bakery; BRAVURA LLC d/b/a Fay Da Bakery; CHI WAI CORP. d/b/a Fay Da Bakery; PHADARIAN CORP. d/b/a Fay Da Bakery; FAY DA MAIN STREET CORP. d/b/a Fay Da Bakery; TORTA DI FAY DA INC d/b/a Fay Da Bakery; BRAVURA PATISSERIE (BELL BLVD) CORP d/b/a Fay Da Bakery; NICPAT CAFÉ INC. d/b/a Fay Da Bakery; FAY DA ON BROADWAY LLC d/b/a Fay Da Bakery; FAY DA ROOSEVELT GEN 2 CORP d/b/a Fay Da Bakery; FAY DA MANUFACTURING CORP.; FAY DA HOLDING CORP. d/b/a Fay Da Bakery; FAY DA HOLDING GEN 2 CORP. d/b/a Fay Da Bakery; and HAN CHIEH CHOU, KELLEN CHOW, and CHI CHI CHOU, JAMES C. CHOU, KATIE PETERSON CHOU, LIN GE MA CHOU (individual defendants herein collectively referred to as "the Defendants"), and state as follows:

## **INTRODUCTION**

1. This is an action brought by Plaintiffs on behalf of themselves and similarly situated employees to recover illegal meal deductions and unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Connecticut General Statutes Section

31-68 *et seq.*, ("CTGS") the New Jersey State Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a *et seq.* ("NJSA") and New Jersey Administrative Code ("NJAC") 12:56 *et seq.* and the New York Labor Law ("NYLL").

2. Fay Da Bakery has systematically, willfully and intentionally committed widespread violations of the FLSA, CTGS, NJAS, NJAC, and NYLL by engaging in a common pattern and practice automatically taking illegal meal deductions from employees' wages, including those of Plaintiffs, without informing Plaintiffs and similarly situated employees of their intention to take such tip credit, and regardless of whether Plaintiffs and similarly situated employees took the meals, and notwithstanding employers' failure to meet the minimum food content requirements to qualify for the meal credit.

3. Such meal deduction was automatic, and was taken by Fay Da Bakery for each work day which Fay Da employees, bakers as well as cashiers, reported to work.

4. Defendants additionally violated the uniform maintenance pay requirements of both the FLSA and the New York State Hospitality Industry Wage Order, 12 N.Y.C.R.R. §146-1.7 by failing to reimburse Plaintiffs and similarly situated Plaintiffs for time and costs expended to launder their uniforms despite giving Plaintiffs and similarly situated employees insufficient uniforms, and requiring their employees to maintain such insufficient uniforms clean, thus requiring special washing during the week.

5. Such washing requires approximately & generally forty five minutes to launder and thirty minutes to dry, taking approximately one hour and fifteen minutes each day.

6. With the exception of bakers, all Fay Da cashiers are paid at the state minimum wage.

7. However, the illegal meal deductions and unpaid working time and business expenses reduces Plaintiffs and similarly situated employees' wages below the federal and New York

State minimum wages, in violation of 29 USC §206 and NYLL§602.

8. These deductions have lead Plaintiffs BING ZHEN ZHENG, SHA LIN, JI ZHOU, QIAN HONG LIAO, and WEIJIE WEN, and other similarly situated employees to receive hourly wages that are below the minimum wage required by the FLSA and NYLL.

9. Upon information and belief, pursuant to a clocking policy wherein employees continue to work despite being compelled to clock out, Defendants shave employee time from time records.

10.    Plaintiffs allege pursuant to the FLSA that they and other similarly situated employees, are entitled to recover from Defendants: (1) illegal meal deductions taken, (2) uniform maintenance cost, (3) unpaid minimum wages as a result of the unlawful meal deduction and failure to provide uniform maintenance cost, (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

11.    Plaintiffs allege pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) illegal deductions for meals, (3) Uniform Maintenance pay required as of January 1, 2011 pursuant to the New York Hospitality Industry Wage Order 12 N.Y.C.R.R. §146-1.7, and prior to that date pursuant to the New York Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. §137-1.8, (4) reimbursement for license training, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day, (7) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (8) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (9) attorney's fees and costs.

12.     Plaintiffs allege pursuant to New Jersey Wage and Hour Law N.J.S.A. 34:11-56a *et seq.* and New Jersey Wage and Hour Regulations N.J.A.C. *12:56 et seq.* that similarly situated Fay Da employees at Fay Da's New Jersey branch are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) illegal deductions for meals, (3) liquidated damages, (4) prejudgment and post-judgment interest, and (5) attorney's fees and costs.

13.     Plaintiffs allege pursuant to Connecticut General Statutes Section 31-68 *et seq* that similarly situated Fay Da employees at Fay Da's Connecticut branch are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) illegal deductions for meals, (3) liquidated damages, (4) prejudgment and post-judgment interest, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

14.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

15.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the conduct acts and omissions giving rise to the claims herein occurred in this judicial district.

## PLAINTIFFS

16.       Plaintiff BING ZHEN ZHENG was employed by LE PETIT PAIN INC. d/b/a

Fay Da Bakery located at 46-15 Kissena Boulevard, Flushing, NY 11355 for one week in

November 2011, and by BOULANGERIE DE FAY DA INC. d/b/a Fay Da Bakery located at

136-18 39th Avenue, Flushing NY 11354 from November 2011 to April 11, 2015, and again

from August, 16, 2015 to August 29, 2015 and again from October 11, 2015 to October 24,

2015 as a cashier.

17.       Plaintiff SHA LIN was employed by BRAVURA SKY VIEW CORP. d/b/a Fay

Da Bakery. at 40-24 College Point Boulevard, Flushing, NY 11355 from July 08, 2012 to

December 08, 2013 and at PANARIUM INC., d/b/a Fay Da Bakery at 41-60 Main Street,

Flushing, NY 11354 as a cashier.

18.       Plaintiff JI ZHOU was employed by BRAVURA SKY VIEW CORP. d/b/a Fay

Da Bakery. at 40-24 College Point Boulevard, Flushing, NY 11355 from August 18, 2012 to

August 24, 2012 and at PANARIUM INC., d/b/a Fay Da Bakery at 41-60 Main Street,

Flushing, NY 11354 from August 30, 2015 to September 16, 2016 as a cashier.

19.       Plaintiff WEIJIE WEN was employed by Le Petit Pain Inc. at 46-15 Kissena

Blvd, Flushing from March 07, 2015 to March 09, 2015, by BRAVURA SKY VIEW CORP.

d/b/a Fay Da Bakery. at 40-24 College Point Boulevard, Flushing, NY 11355 from March 10,

2015 to March 13, 2015 and at LE PETIT PAIN INC. at 46-15 Kissena Blvd, Flushing from

March 14, 2015 to March 20, 2015 as a baker.

## DEFENDANTS

### Corporate Defendants

20.       Defendant PANARIUM KISSENA INC., d/b/a Fay Da Bakery, is a domestic

corporation, organized and existing under the laws of the State of New York, with a principal

address at 41-33 Kissena Boulevard, Flushing, NY 11355.

21.     Defendant, PANARIUM INC., d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 41-60 Main Street, Flushing, NY 11354.

22.     Defendant, BOULANGERIE DE FAY DA INC. d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 136-18 39th Avenue, Flushing NY 11354.

23.     Defendant, PATISSERIE DE FAY DA, INC d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 107-50 Queens Boulevard., Forest Hills, NY 11375.

24.     Defendant LE PETIT PAIN INC. d/b/a Fay Da Bakery is a domestic subchapter "S" corporation, organized and existing under the laws of the State of New York, with a principal address at 46-15 Kissena Boulevard, Flushing, NY 11355.

25.     Defendant BRAVURA SKY VIEW CORP. d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 40-24 College Point Boulevard, Flushing, NY 11355.

26.     Defendant LA PAN MIETTE INC. d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 86-12 Justice Avenue, Elmhurst, NY 11373.

27.     Defendant, FAY DA (QUEENS) CORP. d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 135-16 Roosevelt Avenue, Flushing NY 11354.

28.     Defendant, FAY DA MOTT ST., INC. d/b/a Fay Da Bakery, is a domestic

corporation, organized and existing under the laws of the State of New York, with a principal address at 83 Mott Street, New York, NY 10013.

29.    Defendant FEI DAR, INC. ("Fay Da – Center St.") d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 191 Center Street, New York, NY 10013.

30.    Defendant LE PAIN SUR LE MONDE INC. d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 321 West 6th Avenue, New York, NY 10012.

31.    Defendant BRAVURA, LLC d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of Connecticut, with a principal address at 350 Trolley Line Blvd., Mashantucket, CT 06338.

32.    Defendant CHI WAI CORP. d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New Jersey, with a principal address at 275 Route 18, East Brunswick, NJ 08816.

33.    Defendant PHADARIAN INC. d/b/a Fay Da Bakery, was a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 82 Elizabeth Street New York, NY 10013.

34.    Defendant FAY DA MAIN ST. CORP. /b/a Fay Da Bakery, was a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 37-11 Main Street, Flushing NY, 11354.

35.    Defendant TORTA DI FAY DA INC. d/b/a Fay Da Bakery, was a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 257 West 34th Street, New York, NY 10001.

36.      Defendant BRAVURA PATISSERIE (BELL BLVD) CORP d/b/a Fay Da Bakery, was a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 42-38 Bell Blvd. Flushing, NY 11361.

37.      Defendant NICPAT CAFÉ INC. d/b/a Fay Da Bakery, was a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 327 Canal Street New York, NY 10013.

38.      Defendant FAY DA ON BROADWAY LLC d/b/a Fay Da Bakery, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 61-31 Roosevelt Avenue, Woodside NY 11377.

39.      Defendant FAY DA ROOSEVELT GEN 2 CORP d/b/a Fay Da Bakery, was a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 75-08 Broadway, Elmhurst NY 11373.

40.      FAY DA MANUFACTURING CORP. is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 259 Meserole Street, Brooklyn, NY 11206.

41.      FAY DA MANUFACTURING CORP prepares bread and finishes cake to be delivered to each Fay Da bakery store from its location. The cashier ladies are responsible to carry the boxes of bread into the store from the truck in the morning. The bread is then baked on-site by the baker(s) at the respective Fay Da stores, with the aid of assistant baker(s).

42.      FAY DA HOLDING CORP., is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 259 Meserole Street, Brooklyn, NY 11206.

43.      FAY DA HOLDING CORP is the Management Company for each of its active

retail locations.

44.      FAY DA HOLDING GEN 2 CORP., is a domestic corporation, organized and existing under the laws of the State of New York, with a principal address at 259 Meserole Street, Brooklyn, NY 11206.

45.      FAY DA HOLDING GEN 2 CORP manages Fay Da Bakery stores in each of its active locations.

46.      PANARIUM INC. d/b/a Fay Da Bakery; BOULANGERIE DE FAY DA INC. d/b/a Fay Da Bakery; PATISSERIE DE FAY DA, LLC d/b/a Fay Da Bakery; LE PETIT PAIN INC. d/b/a Fay Da Bakery; BRAVURA SKY VIEW CORP. d/b/a Fay Da Bakery; LA PAN MIETTE INC. d/b/a Fay Da Bakery; FAY DA (QUEENS) CORP. d/b/a Fay Da Bakery; FAY DA MOTT ST., INC. d/b/a Fay Da Bakery; FEI DAR, INC. d/b/a Fay Da Bakery; LE PAIN SUR LE MONDE INC. d/b/a Fay Da Bakery; BRAVURA LLC d/b/a Fay Da Bakery; CHI WAI CORP. d/b/a Fay Da Bakery; PHADARIAN CORP. d/b/a Fay Da Bakery; FAY DA MAIN STREET CORP. d/b/a Fay Da Bakery; TORTA DI FAY DA INC d/b/a Fay Da Bakery; BRAVURA PATISSERIE d/b/a Fay Da Bakery; NICPAT CAFÉ INC. d/b/a Fay Da Bakery; FAY DA ON BROADWAY LLC d/b/a Fay Da Bakery; FAY DA ROOSEVELT GEN 2 CORP d/b/a Fay Da Bakery are all members of a Cantonese bakery chain known as Fay Da Bakery.

47.      At all times relevant herein, Fay Da Bakery, was, and continues to be, single and joint employer and has had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.

48.      Fay Da Bakery is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief,

Fay Da Bakery produces, purchases and handles goods moved in interstate commerce.

49.    Fay Da Bakery chain has ten (12) active bakery locations in New York City: (1) 41-33 Kissena Boulevard, Flushing, NY 11355; (2) 41-60 Main Street, Flushing, NY 11355; (3) 136-18 39th Avenue, Flushing, NY 11354; (4) 107-50 Queens Blvd, Forest Hills, NY 11375; (5) 46-15 Kissena Blvd., Flushing, NY 11355; (6) 40-24 College Point, Flushing, NY 11355; (7) 86-12 Justice Avenue, Elmhurst, NY 11373; (8) 83 Mott St., New York, NY 10013; (9) 191 Center Street, New York, NY 10013, (10) 321 W 6th Ave, New York, NY 10012; (11) 75-08 Broadway, Elmhurst, NY 11373 and (12) 61-31 Roosevelt Avenue, Woodside, NY 11377, and one (1) active bakery location in Connecticut: 350 Trolley Line Blvd., Mashantucket, CT, 06338.

50.    Fay Da Bakery chain has formerly opened chains at (1) 107-50 Queens Boulevard, Forest Hills, NY 11375; (2) 135-16 Roosevelt Avenue, Flushing, NY 11354; (3) 275 Route 18, East Brunswick, NJ 08816; (4) 39 Norwich-Westerly Road, Ledyard, CT 06339; (5) 192 Seigel Street, Brooklyn, NY 11206; (6) 82 Elizabeth Street, New York, NY 10013; (7) 257 West 34th Street, New York, NY 10001; (8) 42-38 Bell Blvd. Flushing, NY 11361, and (9) 327 Canal Street New York, NY 10013.

51.    All the aforementioned Fay Da Bakery locations are listed on Fay Da Bakery's website, illustrating that after opening his first Fay Da location, Mr. Chou had "…set out to open many more locations throughout New York City and beyond" and that currently "Fay Da Bakery now boasts 14 stores throughout Manhattan, Queens, Connecticut and China", inviting customers to leave them feedback via the one common email address of "info@fayda.com", or by visiting "…one of [their] many cozy locations." (www.fayda.com).

52.    Through the Fay Da Bakery website, customers may order cakes to be delivered at any of its active locations.

53.     Fay Da Bakery's focus on branding and uniformity of operations is reflected in the careful consistency of the physical appearance of Fay Da Bakery retail locations, bakery product selections, and uniformed employees.

54.     Upon information and belief, the copyrighted "Fay Da Bakery" bakery logo, which is shaped like a gift box with a bow on the top of the box, and Chinese characters below the bow that transliterate to "Fay Da Sze Bing," meaning "prosperous bakery" and the words FAY DA BAKERY at the bottom of the box are on the branded plastic bag, the napkin, and the storefronts of all Fay Da Bakery chain locations.

55.     Fay Da Bakery chains use identical plastic bags, napkins, storefronts, and employee aprons, and they freely transfer their employees between the different stores within the chain.

56.     Fay Da Bakery advertises store opening and hire notices at each of its different stores within the chain.

### Owner/ Operator Defendants

57.     The Individual Defendants are the officers, directors, managers and/or majority shareholders or owners of Corporate Defendants, and as ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law.

58.     Defendant HAN CHIEH CHOU is the owner of the Fay Da Enterprise.

59.     Additionally, Defendant HAN CHIEH CHOU is the President and/or sole shareholder of each of the Corporate Defendants PANARIUM KISSENA INC. d/b/a Fay Da Bakery; PANARIUM INC. d/b/a Fay Da Bakery; BOULANGERIE DE FAY DA INC. d/b/a Fay Da Bakery; PATISSERIE DE FAY DA, LLC d/b/a Fay Da Bakery; LE PETIT PAIN INC. d/b/a Fay Da Bakery; BRAVURA SKY VIEW CORP. d/b/a Fay Da Bakery; LA PAN MIETTE INC. d/b/a Fay Da Bakery; FAY DA (QUEENS) CORP. d/b/a Fay Da Bakery; FAY DA MOTT ST., INC. d/b/a Fay Da Bakery; FEI DAR, INC. d/b/a Fay Da Bakery; LE PAIN SUR LE MONDE

INC. d/b/a Fay Da Bakery; BRAVURA LLC d/b/a Fay Da Bakery; CHI WAI CORP. d/b/a Fay Da Bakery; PHADARIAN CORP. d/b/a Fay Da Bakery; FAY DA MAIN STREET CORP. d/b/a Fay Da Bakery; TORTA DI FAY DA d/b/a Fay Da Bakery; BRAVURA PATISSERIE d/b/a Fay Da Bakery; NICPAT CAFÉ INC. d/b/a Fay Da Bakery.

60.    HAN CHIEH CHOU is the President of FAY DA HOLDING CORP. d/b/a Fay Da Bakery; and FAY DA HOLDING GEN 2 CORP. d/b/a Fay Da Bakery.

61.    Upon information and belief, HAN CHIEH CHOU is the President and/or sole shareholder of Corporate Defendants FAY DA ON BROADWAY LLC d/b/a Fay Da Bakery; FAY DA ROOSEVELT GEN 2 CORP d/b/a Fay Da Bakery; FAY DA MANUFACTURING CORP.

62.    HAN CHIEH CHOU participated in the uniform day-to-day operations of the Fay Da enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, CTGS §3158 and the regulations thereunder, NJSA §34.1 and the regulations thereunder, and is jointly and severally liable with Fay Da Bakery.

63.    At all times relevant herein, Plaintiffs and potential plaintiffs working at bakeries under the Fay Da Bakery enterprise are victims of a common policy or plan issued from the top-down.

64.    The bakeries which make up the Fay Day Bakery enterprise illegally deduct meal credits from employees' wages.

65.    Han Chieh Chou owns stock of Fay Da Bakery and manages and makes all business decisions, including, but not limited to, the wages an employee will receive and the number of hours employees will work.

66.     Defendant KELLEN CHOW is the General Manager of the Fay Da enterprise.

67.     KELLEN CHOW is the Secretary of FAY DA HOLDING CORP. d/b/a Fay Da Bakery.

68.     Upon information and belief, KELLEN CHOW is the Secretary of FAY DA HOLDING GEN 2 CORP. d/b/a Fay Da Bakery.

69.     KELLEN CHOW participated in the uniform day-to-day operations of the Fay Da enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, CTGS §3158 and the regulations thereunder, NJSA §34.1 and the regulations thereunder, and is jointly and severally liable with Fay Da Bakery.

70.     Defendant KELLEN CHOW participated in the uniform day-to-day operations of the Fay Da enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, CTGS §3158 and the regulations thereunder, NJSA §34.1 and the regulations thereunder, and is jointly and severally liable with Fay Da Bakery.

71.     Defendant CHI CHI CHOU is the officer, director, and/or managing agent of Fay Da Bakery and participated in the uniform day-to-day operations of the Fay Da enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, CTGS §3158 and the regulations thereunder, NJSA §34.1 and the regulations thereunder, and is jointly and severally liable with Fay Da Bakery.

72.     CHI CHI CHOU participated in the uniform day-to-day operations of the Fay Da enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C.

§203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, CTGS §3158 and the regulations thereunder, NJSA §34.1 and the regulations thereunder, and is jointly and severally liable with Fay Da Bakery.

73.    Upon information and belief, CHI CHI CHOU is the daughter of HAN CHIEH CHOU.

74.    Defendant JAMES C. CHOU is officer, director, and/or managing agent of Fay Da Bakery and participated in the uniform day-to-day operations of the Fay Da enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, CTGS §3158 and the regulations thereunder, NJSA §34.1 and the regulations thereunder, and is jointly and severally liable with Fay Da Bakery.

75.    Upon information and belief, JAMES C. CHOU is the son of HAN CHIEH CHOU.

76.    Defendant KATIE PETERSON CHOU is officer, director, and/or managing agent of Fay Da Bakery and participated in the uniform day-to-day operations of the Fay Da enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, CTGS §3158 and the regulations thereunder, NJSA §34.1 and the regulations thereunder, and is jointly and severally liable with Fay Da Bakery.

77.    Upon information and belief, KATIE PETERSON CHOU is the wife of JAMES C. CHOU and daughter-in-law of HAN CHIEH CHOU.

78.    Defendant LIN GE MA CHOU is officer, director, and/or managing agent of Fay Da Bakery and participated in the uniform day-to-day operations of the Fay Da enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and

regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, CTGS §3158 and the regulations thereunder, NJSA §34.1 and the regulations thereunder, and is jointly and severally liable with Fay Da Bakery.

79.    Upon information and belief, LIN GE MA CHOU is the current wife of HAN CHIEH CHOU.

80.    At all times relevant herein, Plaintiffs and potential plaintiffs working at bakeries under the Fay Da Bakery enterprise are victims of a common policy or plan issued from the top-down.

81.    The bakeries which make up the Fay Day Bakery enterprise illegally deduct meal credits from employees' wages.

82.    Upon information and belief, Han Chieh Chou owns stock of Fay Da Bakery and manages and makes all business decisions, including, but not limited to, the wages an employee will receive and the number of hours employees will work.

83.    At all relevant times, the work performed by Plaintiffs and potential plaintiffs was directly essential to the business operated by Fay Da Bakery.

84.    At all relevant times and in contravention of FLSA and NYLL, Defendants illegally deducted meal credit from wages of their employees, including those of Plaintiffs.

85.    These illegal meal deductions have caused the wages of Plaintiffs and similarly situated employees similarly situated to fall below the required statutory minimum wage.

86.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Yu his lawfully earned overtime compensation, and compensation for all hours worked.

87.    Plaintiffs were also never paid at least minimum wage for hours spent in licensing training.

88.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

**STATEMENT OF FACTS**

89.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

90.     Defendants knew that the nonpayment of minimum wage, overtime pay, expenses of the license training, and illegal deductions for meals that were never provided or uniforms that were never reimbursed would financially injure Plaintiffs and similarly situated employees, and violate state and federal laws.

91.     Defendants did not post the required United States Department of Labor and New York State Department of Labor posters regarding pay rates, overtime pay, tip credits, and pay days at each store in English and in Chinese.

92.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability for their wage violations.

93.     Defendants also required Plaintiffs and other employees to purchase required uniforms by deducting its cost of $45 from their paychecks, and never reimbursing them at a time that was no later than the next pay day.

94.     Further, at all relevant times, Defendants automatically deducted from their paychecks two dollars and fifty cents ($2.50) for each day worked from the biweekly paychecks of Plaintiffs and similarly situated employees, regardless of whether Plaintiffs and the FLSA Collective actually take the bread and beverage at Fay Da Bakery.

95.     Upon information and belief, this systematic deduction is listed on the weekly paystub issued to all Fay Da Bakery retail store employees, regardless of store location.

96.    At all relevant times, Defendants failed to record the actual cost accrued, if any, as a result of Fay Da employees taking Fay Da pastry and beverage as "meals."

97.    Upon information and belief, Defendants profit from this systematic and automatic practice of automatic meal deductions.

98.    Fay Da Bakery's focus on branding and uniformity of operations is reflected in the careful consistency of the physical appearance of Fay Da Bakery retail locations, bakery product selections, and uniformed employees.

99.    Upon information and belief, the copyrighted "Fay Da Bakery" bakery logo, which is shaped like a gift box with a bow on the top of the box, and Chinese characters below the bow that transliterate to "Fay Da Sze Bing,"," meaning "prosperous bakery" and the words FAY DA BAKERY at the bottom of the box are on the apron worn by all personnel at the restaurant over their light green dress shifts and light green bandannas.

100.    Pursuant to company policy, Fay Da Bakery requires all bakery employees, including Plaintiffs and other bakery workers, to wear a distinctive Fay Da Bakery uniform. The Fay Da Bakery's uniform consist of a bandanna and dress shirt of a particular design, style, and green color. Fay Da Bakery does not permit any variations in the details of the uniform that it requires all employees to wear.

101.    Fay Da Bakery deems its green uniform, and the display to the public of its logo (on the apron), an integral and indispensable component of its branding.

102.    Upon information and belief, Fay Da Bakery has company policies applicable to all Fay Da Bakery cashiers at all of its retail bakery locations, including Plaintiffs, such that employees are to wear a clean uniform each day. Upon information and belief, this policy is motivated both by Fay Da Bakery's strategy with branding and controlling customer impressions,

and by its interest in ensuring sanitary conditions throughout its food preparation and service operations.

103.     Although Plaintiffs and other Fay Da Bakery cashiers almost always work more than two days a week, Fay Da Bakery's practice is to provide Plaintiffs (full-time employees) with only two full uniforms at any point in time.

104.     While Fay Da Bakery requires Plaintiffs and other employees to wear a clean uniform every day, it does not clean, launder, or provide any maintenance services for the uniform.

105.     Full time employees at Fay Da Bakery are each given two sets of uniform and are required to wash one set of uniform each day, and dry the one set while reporting to work with the other set of uniform.

106.     As a consequence, Plaintiffs and other Fay Da Bakery cashiers must clean the uniform issued to them by Fay Da Bakery, several times a week, after every shift. Such uniform cleanings often must and do occur separate from the cleaning of personal or family clothes, as Plaintiffs and other Crew Members must either perform additional hand cleanings or launderings to ensure their uniform is clean for every shift.

107.     Fay Da Bakery does not allow Plaintiffs or other Crew Members to launder or press their uniforms at work while clocked in.

108.     Plaintiffs and other Crew Members therefore must routinely spend time off-thec lock and/or or money to clean and maintain their uniform consistent with the uniform and appearance standards Fay Da Bakery requires.

109.     Fay Da Bakery does not provide Plaintiffs and other Fay Da Bakery cashiers any method to report time they work at home or otherwise outside of the restaurant, and does not compensate Plaintiffs and other Crew Members for such time.

110.    Nevertheless, Fay Da Bakery's policy and practice is not to pay Plaintiffs and other Crew Members any uniform maintenance pay or reimbursement for the cost of maintaining uniforms, and it has failed and continues to fail to provide such pay.

111.    Additionally, Fay Da's policy and practice is not to compensate Plaintiffs and other Crew Members for time spent cleaning and pressing uniforms, and it has failed and continues to fail to provide such pay.

112.    Plaintiffs and other Crew Members clean and wear the Fay Da Bakery uniform issued to them for Fay Da Bakery benefit and because Fay Da Bakery requires them to do so as a condition of employment.

113.    Indeed, each Plaintiff was required to pay Defendants for the one or two uniforms issued to them before they can begin work as Fay Da Bakery cashiers.

114.    Fay Da Bakery's managers require, suffer, or permit Plaintiffs and other Fay Da Bakery cashiers to perform work outside of their worktime, including cleaning and maintaining Fay Da Bakery uniform required by Fay Da Bakery and performed for Fay Da Bakery's profit.

*Plaintiff BING ZHEN ZHENG*

115.    Plaintiff BING ZHEN ZHENG was employed by LE PETIT PAIN INC. d/b/a Fay Da Bakery located at 46-15 Kissena Boulevard, Flushing, NY 11355 for one week in November 2011, and by BOULANGERIE DE FAY DA INC. d/b/a Fay Da Bakery located at 136-18 39th Avenue, Flushing NY 11354 from November 2011 to April 11, 2015, and again from August, 16, 2015 to August 29, 2015 and again from October 11, 2015 to October 24, 2015 as a cashier.

116.    At all relevant times, Plaintiff BING ZHEN ZHENG worked from 06:30-14:30, with a forty five (45) minute break each day for seven and a quarter (7.25) hours per day for six

days, for a total of forty three and a half (43.50) hours per week.

117.    From on or about November 11, 2011 to December 2013, Plaintiff BING ZHEN ZHENG was paid seven dollars and twenty five cents ($7.25) per hour.

118.    From on or about December 2013 to October 2014, Plaintiff BING ZHEN ZHENG was paid eight dollars ($8.00) per hour.

119.    From October 2014 to October 24, 2015, Plaintiff BING ZHEN ZHENG was paid eight dollars and seventy five cents ($8.75) per hour.

120.    From on or about November 11, 2011 to August 08, 2014, Defendants took a meal credit of $2.50 for each day that BING ZHEN ZHENG worked for meals.

121.    Plaintiff BING ZHEN ZHENG was not given notice of the employer's meal credit, was not provided the required categories of food for any meal (if taken), and had the meal credit deducted regardless of whether she did take the meal.

122.    This resulted in an improper meal deduction of $30.00 automatically per paycheck, for every two work weeks, dropping BING ZHEN ZHENG's rate below the minimum wage required under the FLSA and/or NYLL.

123.    During the entirety of her work with Fay Da Bakery, BING ZHEN ZHENG was given two (2) sets of light green short-sleeved uniform bearing the Fay Da Bakery logo despite having to work six (6) days each week.

124.    Plaintiff BING ZHEN ZHENG was never compensated for the time and cost she expended to maintain her uniform for Defendants.

125.    As a result of having two (2) sets of short-sleeved uniforms, she was required to launder and dry the uniform after her scheduled work hours in her own time.

126.    This required her to expend approximately one and a quarter (1.25) hours per day.

*Plaintiff SHA LIN*

127.    Plaintiff SHA LIN was employed by BRAVURA SKY VIEW CORP. d/b/a Fay Da Bakery. at 40-24 College Point Boulevard, Flushing, NY 11355 from July 08, 2012 to December 08, 2013 and at PANARIUM INC., d/b/a Fay Da Bakery at 41-60 Main Street, Flushing, NY 11354 as a cashier.

128.    From on or about July 08, 2012 to December 08, 2013 Plaintiff SHA LIN worked six (6) days a week from between 12:00 to 13:00 to 19:00 to 20:00 for approximately eight (8) hours per day, and forty eight (48) hours a week.

129.    From on or about January to February 28, 2014, Plaintiff SHA LIN worked five (5) days a week from between 13:00 and 14:00 to 21:00 for approximately eight and a half (8.5) hours for three (3) weekdays, and an additional two (2) weekend days for sometimes more than ten (10) hours a day.

130.    From July 08, 2012 to December 08, 2013, Plaintiff SHA LIN was paid seven dollars and twenty five cents ($7.25) for each hour worked.

131.    From January to on or about February 28, 2014, Plaintiff SHA LIN was paid eight dollars ($8.00) per hour worked.

132.    During at least some part of the work period, Defendants took a meal credit of $2.50 for each day that SHA LIN worked for meals.

133.    Plaintiff SHA LIN was not given notice of the employer's meal credit, was not provided the required categories of food for any meal (if taken), and had the meal credit deducted regardless of whether she did take the meal.

134.    This resulted in an improper meal deduction of $30.00 automatically per paycheck, for every two work weeks, dropping SHA LIN's rate below the minimum wage

required under the FLSA and/or NYLL.

135.    During the entirety of her work with Fay Da Bakery, SHA LIN was given two (2) sets of light green short-sleeved uniform bearing the Fay Da Bakery logo despite having to work six (6) days each week.

136.    Plaintiff SHA LIN was never compensated for the time and cost she expended to maintain her uniform for Defendants.

137.    During the entirety of her work with Fay Da Bakery, SHA LIN was given two (2) sets of light green uniform bearing the Fay Da Bakery logo despite having to work six (6) days each week, and to wear a clean set of uniform to work each day.

138.    As a result of having two (2) sets of uniforms, she was required to launder and dry the uniform after her scheduled work hours in her own time.

139.    This required her to expend approximately one and a quarter (1.25) hours per day.

140.    Plaintiff SHA LIN was never compensated for the time and cost she expended to maintain her uniform for Defendants.

**_Plaintiff JI ZHOU_**

141.    Plaintiff JI ZHOU was employed by BRAVURA SKY VIEW CORP. d/b/a Fay Da Bakery. at 40-24 College Point Boulevard, Flushing, NY 11355 from August 18, 2012 to August 24, 2012 and at PANARIUM INC., d/b/a Fay Da Bakery at 41-60 Main Street, Flushing, NY 11354 from August 30, 2015 to September 16, 2016 as a cashier.

142.    At all relevant times, Plaintiff JI ZHOU worked in excess of thirty (30) hours per workweek.

143.    At all relevant times, Plaintiff JI ZHOU was paid at or near the minimum wage rate for each hour worked.

144.      From August 18, 2012 to August 24, 2012, Defendants took a meal credit of $2.50 for each day that JI ZHOU worked for meals.

145.      Plaintiff JI ZHOU was not given notice of the employer's meal credit, was not provided the required categories of food for any meal (if taken), and had the meal credit deducted regardless of whether she did take the meal.

146.      This resulted in an improper meal deduction, dropping JI ZHOU's rate below the minimum wage required under the FLSA and/or NYLL.

147.      During the entirety of her work with Fay Da Bakery, BING ZHEN ZHENG was required by Fay Da to wash her uniform during the workweek in order to maintain the uniform clean.

148.      Plaintiff JI ZHOU was not compensated for the time and cost she expended to maintain her uniform for Defendants.

**Plaintiff WEIJIE WEN**

149.      Plaintiff WEIJIE WEN was employed by Le Petit Pain Inc. at 46-15 Kissena Blvd, Flushing from March 07, 2015 to March 09, 2015, by BRAVURA SKY VIEW CORP. d/b/a Fay Da Bakery. at 40-24 College Point Boulevard, Flushing, NY 11355 from March 10, 2015 to March 13, 2015 and at LE PETIT PAIN INC. at 46-15 Kissena Blvd, Flushing from March 14, 2015 to March 20, 2015 as a baker.

150.      From all relevant times, Plaintiff WEIJIE WEN worked six (6) days a week from between 05:00 to 15:00 for ten (10) hours a day, with a forty five (45) minute break each day, for nine and a quarter (9.25) hours and a total of fifty five and a half (55.5) hours per week.

151.      During at least some part of the work period, Defendants took a meal credit of $2.50 for each day that WEIJIE WEN worked for meals.

152.    Plaintiff WEIJIE WEN was not given notice of the employer's meal credit, was not provided the required categories of food for any meal (if taken), and had the meal credit deducted regardless of whether she did take the meal.

## COLLECTIVE ACTION ALLEGATIONS

153.    Plaintiffs bring this action individually and as class representatives individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants during the statutory period, through entry of judgment in this case (the "Collective Action Period") and whom were subject to a common policy of illegal meal deductions and/or of Defendants' failure to pay for uniform maintenance pay in contravention of state and federal labor laws who elect to opt-in to this action (the "Collective Action Members").

154.    Corporate Defendants making up the Fay Day Bakery enterprise knowingly and willfully operated under a common policy of deducting meal credit from their employees' wages without accounting for the actual costs of the food provided in the form of records.

155.    Plaintiffs were not paid the mandated minimum wage under the FLSA because of these improper meal deductions.

## CLASS ACTION ALLEGATIONS

156.    The claims arising out of CTGS, NJSA, and NYLL and the regulations promulgated thereunder are brought by Plaintiffs on behalf of themselves and other similarly situated individuals who are non-managerial current and former employees of Fay Da who:, (1) were subject to illegal meal credit deductions during the statutory period of the state of Connecticut, New Jersey, and/ or New York, as defined herein (the "Class Period") pursuant to

Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedures.

157.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

158.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than two hundred and fifty (250) members of the class.

*Typicality*

159.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of taking illegal meal deductions.

160.    Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

161.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced

and competent representing plaintiff in both class action and wage and hour employment litigation cases.

***Commonality***

162.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b.    Whether Defendants employed Plaintiffs and the Class within the meaning of the New Jersey law;

c.    Whether Defendants employed Plaintiffs and the Class within the meaning of the Connecticut law;

d.    Whether Defendants maintained a common policy, pattern and/or practice of illegally and improperly deducting meal credit from employees' wages in contravention of NYLL, NJSA, CTGS, and/or the regulations promulgated thereunder; and

e.    At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

f.    Whether Fay Da Bakery required putative class members to wear a clean Fay Da Bakery uniform while on duty for work each day;

g.    Whether Fay Da Bakery cleaned or provided laundering services for the uniform it required putative class members to wear while on duty;

h.    Whether putative class members were effectively required by Fay Da Bakery to clean their uniforms or cause them to be cleaned;

i.    Whether Fay Da Bakery paid putative class members any amount to reimburse

them for their time expended and/or costs incurred in the cleaning and

maintaining their Fay Da Bakery uniforms;

j.   Whether Fay Da Bakery paid putative class members Uniform Maintenance

Pay in the amounts set forth currently in 12 N.Y.C.R.R. §146-1.7 and formerly

in 12 N.Y.C.R.R. §137-1.8

k.   At what common rate, or rates subject to common method of calculation was

and is Defendants required to pay the Class members for their work.

### Adequacy of Representation

1. Plaintiffs are able to fairly and adequately protect the interests of all members of the

class, and there are no known conflicts of interest between Plaintiffs and members of the

proposed class. Counsel for Plaintiffs have the requisite resources and ability to prosecute this

case as a class action, and are experienced employment attorneys who have successfully

litigated other wage and hour actions, class actions, and wage and hour class actions in

particular.

### Superiority

2. A class action is superior to other available methods for the fair and efficient adjudication

of the controversy, particularly in the context of wage and hour litigation where individual Class

members lack the financial resources to vigorously prosecute a lawsuit against corporate

defendants. Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expenses that numerous individual actions engender.

Because the losses, injuries, and damages suffered by each of the individual Class members are

small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

3. Upon information and belief, defendants and other employers throughout United States violate federal and state labor laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

4. The common questions identified above regarding Fay Da Bakery's meal deduction and uniform maintenance policies predominate over any individual issues, and given that Uniform Maintenance Pay provision spells out specific weekly payment amounts, in addition to the minimum or agreed upon hourly rate, based on hours worked each week, even damages are readily susceptible to common proof. This is because the hours compensated each week are recorded in Defendant's payroll records, as are the hourly rate each employee was compensated

at, and the presence or absence of any additional payments for uniform maintenance.

Defendants' illegal tip deductions are also recorded in Defendants' payroll records.

## STATEMENT OF CLAIM
### COUNT I.
### [Violation of 29 U.S.C. § 203(m), 29 CFR §531.3—Meal Credit Violation
### Brought on behalf of Plaintiffs and the FLSA Collective]

163.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

164.    29 U.S.C. § 203(m) defines "wages paid" to an employee to include the reasonable cost of board, lodging or other facilities.

165.    29 CFR § 531.3(a)  has determined that "reasonable cost" as used in section 3(m) of the FLSA, means not more than the actual cost to the employer.

166.    Thus, 29 CFR §531.3 *et seq.* allows for employers to legally deduct the fair value or reasonable cost of meal furnished to employees, so long as it does not include a profit to the employer or to any affiliated person.

167.    Defendants did not keep records of actual costs of the meals provided.

168.    Defendants' automatic meal deductions on employee paychecks, regardless of whether Plaintiff and the FLSA Collective takes the bread and beverage provided, underscores that Defendants' meal policy is made primarily for the Defendants' benefit.

169.    Defendants' use of meal credit toward Plaintiffs and the Collective Members was ingenuous and not in good faith.

### COUNT II.
### [Failure to Pay Uniform Maintenance Pay
### FLSA
### Brought on behalf of Plaintiffs and the Rule 23 Class]

170.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

171.    Fay Da Bakery has and continues to furnish Plaintiffs and Class Members with an insufficient number of uniforms while requiring Plaintiffs and Class Members to maintain the uniforms at their own expense and in their own time.

172.    This required daily washing of Fay Da Bakery uniform.

173.    Defendants did not reimburse Fay Da employees for the cost of laundering and drying their uniform daily.

174.    A policy that employees must wear clean uniforms while on duty and the assurance that servers will always appear in clean, freshly pressed uniform tops, primarily is a convenience and benefit to the employer. As such, the cost of the laundering and pressing of the garment is a cost of doing business that may not be imposed on the employees if doing so would reduce their wages below minimum wage.

175.    As a result of Fay Da Bakery's failure to reimburse Plaintiffs and Class Members uniform maintenance costs and for their time expended washing and drying their uniform, Plaintiffs and Class Members are entitled to reasonable reimbursement of out-of-pocket laundering costs as well as pay at the minimum wage rate for their time expended maintaining the uniform.

176.    Plaintiffs and Class Members are therefore entitled to recover from Fay Da Bakery their unpaid uniform maintenance pay, together with liquidated damages, interest, and reasonable attorneys' fees and costs of the action.

### COUNT III.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

177.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

178.    The FLSA provides that any employer engaged in interstate commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

179.    Defendants' policy of illegal deducting meal credit from employees' pay and the unpaid time in laundering and drying the uniform as well as the cost of washing and drying the uniform did cause the wages of Plaintiffs and other employees similarly situated, to receive wages that fell below the applicable minimum wage for at least a portion of the work period with Fay Da Bakery.

180.    Defendants also had a policy of not compensating Plaintiffs and the Class at least the minimum wage for hours spent in license training. Instead, such licensing training was unpaid.

181.    Defendants knowingly and willingly disregarded the provisions of the FLSA as evidenced by their failure to compensate them the statutory minimum wage rate when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of NYCRR—Meal Credit Violation
### Brought on behalf of Plaintiffs and the Rule 23 Class]

182.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

183.    The NYCRR provides for employers to legally deduct $2.50 per meal for all workers on and after January 1, 2011, provided that it is furnished by the employer to the employee. NYCRR §146-1.9.

184.    The NYCRR provides that a meal shall provide adequate portions of at least one

type of food from all four of the following groups: (1) fruits or vegetables; (2) grains or potatoes; (3) eggs, meat, fish, poultry, dairy, or legumes; and (4) tea, coffee, milk, or juice. *See* NYCRR §146.37.

185.    The Defendants only offered coffee and bread as a meal to their employees, which is not a meal as defined in the NYCRR.

186.    Defendants intentionally failed to provide to employees the meals that they claimed credit for towards the employees' wage, in clear violation of NYCRR.

187.    Furthermore, Plaintiffs and other similarly situated employees did not necessarily take the meal, and Defendants did not record actual cost accrued for providing the meal.

188.    Defendants' use of meal credit toward Plaintiffs and Rule 23 Class was illegal, willful, and not in good faith.

### COUNT V.
### [Violation of NYCRR—Learner, Trainee, Apprentice Rate Violation Brought on behalf of Plaintiffs and the Rule 23 Class]

189.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

190.    The NYCRR at Section 146 Subpart 2.11 provides that employees designated as Learners, Trainees, and/or Apprentices must nonetheless be paid at least the minimum wage.

191.    Defendants required Plaintiffs and the Class to undergo license training.

192.    Defendant's intentionally failed to pay Plaintiffs and other similarly situated employees at least the minimum wage for the time they spent in license training.

193.    Defendants' failure to pay the Plaintiffs and other similarly situated employees, for the hours worked while license training was illegal, willful, and not in good faith.

## COUNT VI.
### [Violation of New York Codes, Rules and Regulations–Uniform Brought on behalf of Plaintiffs and the Rule 23 Class]

194.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

195.    NYCRR § 146-1.8 mandates that employees who are required to purchase uniforms shall be reimbursed by the employer for the total cost no later than the next pay day.

196.    Defendants took automatic deductions of $45.00 from Plaintiffs wages for the cost of required uniforms.

197.    Plaintiffs were not reimbursed for these costs no later than the next pay day, instead only receiving reimbursement after their term of employment ended.

198.    Defendants willfully violated NYCRR § 146-1.8.

## COUNT VII.
### [Failure to Pay Uniform Maintenance Pay
### 12 N.Y.C.R.R. §146-1.7 and 12 N.Y.C.R.R. §137-1.8
### Brought on behalf of Plaintiffs and the Rule 23 Class]

199.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

200.    The wage provisions of Article 19 of the New York Labor Law and its supporting regulations, including the current New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146 and former New York Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. Part 137, apply to Fay Da Bakery and establish payment floors to protect Plaintiffs and all Class Members.

201.    Fay Da Bakery has and continues to furnish Plaintiffs and Class Members with an insufficient number of uniforms while requiring Plaintiffs and Class Members to maintain the uniforms at their own expense, in violation of the uniform maintenance pay provision of the

current New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.7 and former New York Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. § 137-1.8.

202.    Fay Da Bakery's failure to pay Plaintiffs and Class Members uniform maintenance pay required pursuant to 12 N.Y.C.R.R. § 146-1.7 and 12 N.Y.C.R.R. § 137-1.8, notwithstanding Fay Da Bakery clear failure to satisfy any exceptions to the requirement to provide such pay under the regulation, was and is not in good faith within the meaning of New York Labor Law§ 663.

203.    Plaintiffs and Class Members are therefore entitled to recover from Fay Da Bakery their unpaid uniform maintenance pay, together with liquidated damages, interest, and reasonable attorneys' fees and costs of the action.

### COUNT VIII.
**[Violation of New York Labor Law—Minimum Wage
Brought on behalf of Plaintiffs and the Rule 23 Class]**

204.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

205.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

206.    Defendants' policy of illegal deducting meal credit from employees' pay and the unpaid time in laundering and drying the uniform as well as the cost of washing and drying the uniform did cause the wages of Plaintiffs and other employees similarly situated, to receive wages that fell below the applicable minimum wage for at least a portion of the work period with Fay Da Bakery.

207.    Defendants also had a policy of not compensating Plaintiffs and the Class at least the minimum wage for hours spent in license training. Instead, such licensing training was unpaid.

208.    Defendants knowingly and willfully violated Plaintiffs' and similarly situated

Class Members' rights by effectively failing to pay them minimum wages in the lawful amount for hours worked.

209.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 et seq., §§ 650 et seq., and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT IX.
### [Violation of New York Labor Law—Notice to Employee Violation
### Brought on behalf of Plaintiff and the Rule 23 Class]

210.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

211.    The NYLL and supporting regulations require employers to notify employees of their intent to apply meal deductions towards the minimum wage and post a notice conspicuously explaining the employment laws' requirements. 12 NYCRR §142-2.8.

212.    Defendants have not posted the notices required by the NYLL informing Plaintiff of the requirements of the employment law, or provided information about employment laws' requirements in other forms to Plaintiff and the Rule 23 Class.

213.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff.

214.    Due to Defendants' violations of New York Labor Law, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants, jointly and severally, fifty dollars ($50) a week for each week of the violation together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT X.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

215.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

216.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; meal allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

217.     Defendants failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

218.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

219.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, fifty dollars ($50) for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT XI.
## [Violation of New York Labor Law—New York Pay Stub Requirement]

220.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

221.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

222.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide a full and accurate paystub on or after each Plaintiff's payday.

223.    Specifically, the meal credit deductions listed on the paystub are inappropriate and illegal deductions from Fay Da Bakery employees' pay.

224.    Furthermore, the paystubs are not in their employee's native language (predominantly Chinese).

225.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT XII.
## [Violation of Connecticut General Statutes—Minimum Wage
## Brought on behalf of Plaintiffs and the Rule 23 Class]

226.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

227.    At all relevant times, plaintiffs were employed by Defendants within the meaning of CTGS §31-58.

228.    Under the CTGS §31-58 Defendants were required to pay Plaintiffs and the Rule

23 Class members the provided statutory minimum wage.

229.    Defendant' failure to pay members of the Rule 23 Class minimum wage violated

the CTGS.

230.    Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

231.    Due to defendants' willful violations of the CTGS, Plaintiffs and Rule 23 Class

Members are entitled to recover their unpaid minimum wages, reasonable attorneys' fees and

costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

**COUNT XIII.**
**[Violation of CTGS—Meal Credit Violation**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

232.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

233.    At all relevant times, plaintiffs were employed by Defendants within the meaning

of CTGS §31-58.

234.    CTGS §31-60 allows for a deduction of forty-five (45) cents for light meals

furnished to employees. A light meal must include one of the types of food from at least three of

the following groups

       a.   fruit, fruit juice, soup;

       b.   cereal, bread (or a recognized substitute);

       c.   egg, meat, fish, including sandwiches made thereof (or a recognized substitute);

       d.   dessert;

       e.   and beverage.

235.    The bread and beverage offered is not a "light meal" as defined in the CTGS §31-

60-3.

236.     Furthermore, meal deductions must be made in accordance with the hiring agreement which provides for such an allowance and deduction CTGS 31-60-3b.

237.     Due to defendants' willful violations of the CTGS, plaintiffs and Rule 23 Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

### COUNT XIV.
### [Violation of Connecticut Apparel Credit towards the Minimum Wage Brought on behalf of the Rule 23 Class]

238.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

239.     At all relevant times, the putative Connecticut class were employed by Defendants within the meaning of CTGS §31-58.

240.     Employers are required to pay for employee's cost for maintaining uniforms, though an allowance (deduction) not to exceed $1.50 per week or the actual cost, whichever is lower, may be permitted to apply as part of the minimum fair wage for the maintenance of wearing apparel or for the laundering and cleaning of such apparel when the service has been performed.

241.     Defendants never provided such service to the putative Connecticut class.

### COUNT XV.
### [Violation of New Jersey Wage and Hour Law—Minimum Wage Brought on behalf of Plaintiffs and the Rule 23 Class]

242.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

243.     At all relevant times, plaintiffs were employed by Defendants within the meaning of NJSA §34.1.

244.     Under the NJSA defendants were required to pay Plaintiffs and the Rule 23 Class

members not less than the statutory minimum wage.

245.    Defendant' failure to pay Plaintiff and the Rule 23 Class minimum wage violated

the NJSA.

246.    Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

247.    Due to defendants' willful violations of the NJSA, plaintiffs and Rule 23 Class

Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and

costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

**COUNT XVI.**
**[Violation of NJAC—Meal Credit Violation**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

248.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

249.    The NJSA prohibit any employer or his agents, including managers, from making

deductions from employees' wages except for those deductions specifically authorized in the

regulations.

250.    Fay Da Bakery employees never agreed or signed any agreement to authorize

Defendants to deduct meals from their wages.

251.    Thus, pursuant to NJAC §12:55-2.1, Defendants' use of meal credit toward

Plaintiff and Rule 23 Class was illegal, willful, and not in good faith.

252.    Due to defendants' willful violations of the NJSA, plaintiffs and Rule 23 Class

Members are entitled to recover minimum wages, reasonable attorneys' fees and costs of the

action, liquidated damages, and pre-judgment and post-judgment interest.

## COUNT XVII.
**[Failure to Pay Uniform Maintenance Pay**
**New Jersey Wage Payment Law § 34:11-4.1 *et seq***
**Brought on behalf of the Rule 23 Class]**

253.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

254.    The wage provisions of  the New Jersey Wage Payment Law §34:11-4.4b(6) and its supporting regulations, apply to Fay Da Bakery and establish payment floors to protect Plaintiffs and all Class Members.

255.    Fay Da Bakery has and continues to furnish Plaintiffs and Class Members with an insufficient number of uniforms while requiring Plaintiffs and Class Members to maintain the uniforms at their own expense, in violation of the uniform maintenance pay provision of the New Jersey Wage Payment Law §34:11-4.4b(6).

256.    Fay Da Bakery's failure to pay Plaintiffs and Class Members uniform maintenance pay required pursuant to New Jersey Wage Payment Law §34:11-4.4b(6), notwithstanding Fay Da Bakery clear failure to satisfy any exceptions to the requirement to provide such pay under the regulation, was and is not in good faith within the meaning of New York Labor Law§ 663.

257.    Plaintiffs and Class Members are therefore entitled to recover from Fay Da Bakery their unpaid uniform maintenance pay, together with liquidated damages, interest, and reasonable attorneys'         fees         and         costs         of         the         action.

## COUNT XVIII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice**
**Brought on behalf of Plaintiff and Rule 23 Class]**

258.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

259.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

260.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

261.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

262.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).


## COUNT XIX.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

263.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

264.    The NYLL and supporting regulations require employers to provide detailed

paystub information to employees every payday. NYLL § 195-1(d).

265.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

266.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were the victims of automatic across the board meal deductions, off-the-clock work, and the failure of Defendants to pay them their deserved hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)  Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)  Certification of this case as a collective action pursuant to FLSA;

e)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)  A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL, NJSA, NJAC, and CTGS;

g)  A permanent injunction against Fay Da Bakery, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in the violation of §§ 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA ;

h)  An award of illegal meal credit, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)  An award of Uniform Maintenance Pay, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

j)    An award of illegal meal credit, plus compensatory and liquidated damages under NJAC §12:55-2.1;

k)    An award of illegal meal credit, plus compensatory and liquidated damages under CTGS 31-60-3;

l)    An award of unpaid minimum wages due under FLSA, NJSA, CTGS, NYLL, and the regulations promulgated hereunder;

m)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

n)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to NJSA, CTGS, and NYLL;

o)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663, CTGS §31-68, NJSA §34:11-56.8;

p)    Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

q)    Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

r)    The cost and disbursements of this action;

s)    An award of prejudgment and post-judgment fees;

t)      Providing that if any amounts remain unpaid upon the expiration of ninety days

following the issuance of judgment, or ninety days after expiration of the time to

appeal and no appeal is then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent, as required by NYLL §198(4); and

u)      Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York
January 14, 2018

                                        TROY LAW, PLLC
                                        *Attorney for the Plaintiffs, proposed FLSA*
                                        *Collective and proposed Rule 23 Class*


                                        _____ s/ John Troy _____
                                          John Troy (JT0481)
                                        41-25 Kissena Boulevard Suite 119
                                        Flushing, NY 11355
                                        Tel: (718) 762-1324
                                        Fax: (718) 762-1342
                                        Email: johntroy@pllc.com